IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| JOHN P. POLOWCZYK, REAR ADMIRAL, UNITED STATES NAVY (RETIRED) | * * * |
| *Plaintiff,* | * * |
| v. | * * |
| CAMPING WORLD RV SALES, LLC. | * * |
| *Defendants.* | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes Rear Admiral John Polowczyk, United States Navy (Ret.), and moves the Court for judgment against Defendant Camping World RV Sales, LLC on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Virginia residing and domiciled in Virginia Beach, Virginia. The Defendant Camping World RV Sales, LLC is a limited liability company formed under the laws of Minnesota, with a principal place of business at 250 Parkway Drive, Ste. 320, Lincolnshire, Illinois. The amount in controversy exceeds the sum of $75,000.

## VENUE

2. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Richmond Division is proper pursuant to Local Civil

Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

3. On November 17, 2021, Plaintiff Admiral Polowczyk filed a lawsuit in the Circuit Court of the County of Henrico against Ford Motor Co. and Defendant Camping World RV Sales, LLC alleging violations of the Virginia Warranty Enforcement Act against Ford Motor Co., and violations of the Virginia Consumer Protection Act against both Ford Motor Co. and Camping World. The allegations against Camping World stated that Admiral Polowczyk specifically asked Camping World employees where he could take the motorhome he was considering buying for service. Camping World employees told him any Ford Dealership can service the motorhome. In reliance on this, the Admiral purchased the expensive motorhome. It broke down 17 days after purchase and remains broken down today. It turned out no Ford Dealership within 200 miles of the Admiral's home could work on the vehicle.

4. On February 14, 2023, Admiral Polowczyk attended a mediation with Ford Motor Co. and Camping World. The mediation was conducted by the Honorable Thomas B. Hoover, retired, of McCammon Mediation Group. The mediation was conducted at the offices of Camping World's attorney, Angela MacFarlane, in Glen Allen, VA.

5. At the mediation, settlement was reached with Ford Motor Co. This was memorialized in writing and is not the subject of this lawsuit.

6. At the mediation, a lawyer for Camping World who was in Chicago, IL participated in the settlement negotiations by Zoom. He was the lead representative for Camping World. A settlement agreement was reached for how much money Camping World would pay Admiral Polowczyk. However, there was considerable disagreement

over the payment of Admiral Polowczyk's attorney fees and costs. Much time was spent informing Camping World's Chicago lawyer that Va. Code § 59.1-204(B) allows a successful Plaintiff in a Consumer Protection Act case to recover his attorney fees from the Defendant supplier. Considerable time was spent informing Camping World's Chicago lawyer that Virginia law separates the recovery of attorney fees and costs from the underlying merits of the Plaintiff's case. See, e.g. Va. Code § 59.1-204(D). It was explained in detail at the mediation that Virginia law does not require any lawyer seeking fees to disclose the amount of his fees until the underlying merits are concluded. See, Lambert v. Sea Oats Condominium, 293 Va. 245, 261 (2017):

> *"We also reject the Association's argument that a party seeking an award of attorney's fees must provide advance notice of the amount it will seek. Countless variables, including defenses, motions, and objections that may be interposed by the opposing party, make it impossible for a party to know how much it will incur in attorney's fees at the pleading or discovery stages, let alone how much of the attorney's fees actually incurred will be considered reasonable by the trial court when it considers the amount of an award. We therefore could not, and do not, require a party seeking an award of reasonable attorney's fees to estimate the amount of such an award prior to the disposition on the merits. The party who may be entitled to an award of attorney's fees is merely required to notify the opposing party that it will seek them if it prevails, as required by Rule 3:25(B)."*

7.  Considerable time was also spent informing Camping World's lawyer representative from Chicago that in order for a Virginia Court to have jurisdiction to adjudicate the award of attorney fees in a settled case, the Court must be able to determine who is "*the prevailing party*" by a stipulation of that fact. See, e.g. Chase v. DaimlerChrysler, 266 Va. 544 (2003) (Court must be informed of who is the "*successful*" litigant before attorney fees can be considered and awarded. *"Lawyers and litigants will*

*factor this requirement into their settlement negotiations and govern themselves accordingly…a consent order reciting that the consumer was the prevailing party and reserving the amount of fees and costs for judicial determination would sufficiently demonstrate which party was 'successful' in the civil action.*" 266 Va. 549.

8. After considerable negotiation a settlement was reached and memorialized in writing by a "*Settlement Agreement and Release*" attached hereto as Exhibit 1. Defendant Camping World was to pay Admiral Polowczyk the "*Settlement Amount*," which by the terms of the "*Settlement Agreement and Release*" may, or may not, be confidential. In an abundance of caution, this amount will be revealed to the Court at a later time. The "*Settlement Amount*" is redacted from Exhibit 1 and will be disclosed to the Court at a later time. The Jurisdictional Amount in controversy is still met, as shown hereafter. The term "*Settlement Amount*" herein represents the fixed and certain sum that will be revealed to the Court later. The "*Settlement Agreement and Release*" stated: "*The Parties acknowledge that this sum does not include any amount for attorney's fees.*" See, § 2.1(a). Defendant Camping World agreed:

> "*1.6 Whereas, the Parties have agreed upon a compromise settlement concluding all claims which were alleged or could have been alleged against Camping World and all claims of any nature arising out of or related to Claimant's purchase, ownership, operation and/or use of the Subject Vehicle; except for attorney fees.* **Plaintiff is stipulated as the prevailing party solely for the purpose of pursuing an award of attorney's fees and related costs for Plaintiffs' claims brought under the Virginia Consumer Protection Act.**" (Emphasis added.)

9. Other provisions of the Settlement Agreement and Release make it clear that Admiral Polowczyk was entitled to recover attorney fees and related costs. See, e.g. § 3.1 "*…After Claimant signs this Settlement Agreement, Claimant [sic] sole relief against*

*Releasees with respect to the Subject Vehicle, shall be limited to enforcing this Agreement and except collection of attorney's fees and related costs pursuant to the Virginia Consumer Protection Act."* <u>See also</u>, § 3.2 *"…Claimant shall dismiss the Complaint filed against Camping World…upon the resolution of attorney's fees either by the parties or decided by the Court."* <u>See also</u>, § 4 *"…This Agreement, however, may be introduced in any proceeding to enforce it or to enforce the collection of attorney's fees and costs pursuant to the Virginia Consumer Protection Act*."

10.   There is nothing in the Settlement Agreement and Release that defines by when Camping World is to pay the Plaintiff the settlement funds. As in other contracts "*Where no time is expressly limited for the payment of the money mentioned in a special contract in writing, the legal construction is, that it is payable presently*." <u>McDaniel v. Daves</u>, 139 Va. 178, 188-89 (1924). The Plaintiff did not anticipate immediate payment, but rather that payment would be made within a reasonable time. <u>See</u>, <u>Grossman v. Saunders</u>, 237 Va. 113, 120-21 (1989) ("*When a contract is silent as to the time within which an act is to be performed, the law implies a reasonable time and what constitutes a reasonable time is generally an issue to be decided by a [fact finder].")* There is certainly nothing in the Settlement Agreement that allows Camping World to refuse to pay Admiral Polowczyk the Settlement Amount as leverage to force his attorney into a settlement when it is stipulated the issue of attorney's fees will be submitted to the Court.

11.   On Thursday, March 30, 2013, at 9:37 a.m.—44 days after the Settlement Agreement was reached and executed—Camping World's attorney, Angela MacFarlane, sent the Admiral's counsel the following email:

> *"Jimmy:*
>
> *Although your client's case settled, our client does not want to send the check until we have resolved the attorney's fee claim. We have not been able to get Ford to respond with authority to make a joint attorney's fee offer. Can you make a fee demand as to our client only?*
>
> *Sincerely,*
>
> *Angela R. MacFarlane"*

12. Admiral Polowczyk's counsel immediately called Ms. MacFarlane and protested, but to no avail. Camping World refused to honor the mediated Settlement Amount memorialized in writing in Exhibit 1.

## COUNT ONE – BREACH OF CONTRACT

13. Defendant Camping World contracted in writing to pay Admiral Polowczyk the Settlement Amount. Camping World without just cause refuses to do so. This is a breach of contract. Plaintiff moves the Court for judgment in the amount of the Settlement Amount.

## COUNT TWO – VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT OF 1977, VA. CODE § 59.1-196 ET SEQ

14. In 1977 the General Assembly enacted the Virginia Consumer Protection Act, and expressed its intent in doing so:

> *"§ 59.1-197. Intent*
>
> *It is the intent of the General Assembly that this chapter shall be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public."*

15. The Act regulates conduct surrounding "*consumer transactions*" between "*suppliers*" and "*persons*" who enter into the sale of goods used primarily for personal,

family, or household purposes. Defendant Camping World is a "*supplier.*" Plaintiff Admiral Polowczyk is a "*person.*" The sale of the motorhome involved in this case is a "*consumer transaction.*"

16. The General Assembly declared certain "*acts or practices committed by a Supplier in connection with a consumer transaction are hereby declared unlawful.*" Camping World has violated at least two of these expressly prohibited acts in connection with the consumer transaction it entered into with Admiral Polowczyk:

> *"(A) The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful:*
>
> *(17) If a supplier enters into a written agreement with a consumer to resolve a dispute that arises in connection with a consumer transaction, failing to adhere to the terms and conditions of such an agreement.*
>
> *(14) Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction;"*

17. Va. Code § 59.1-204 provides that "*Any person who suffers loss as a result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater.*" Plaintiff Admiral Polowczyk has incurred actual damages as a result of Camping World's willful violations of the Virginia Consumer Protection Act. Admiral Polowczyk went to the mediation in good faith. His research going into the mediation revealed people throughout the Nation were experiencing similar problems as he was, but did not seem confident enough to pursue their claims. Admiral Polowczyk sought to hold Camping World accountable for making false statements to induce him to buy the motorhome, which also would serve to warn Camping World not to do the same

to others. At the mediation, Admiral Polowczyk weighed the benefits of "*buying peace*" and completion of that earlier case, with the costs of giving up the amount he was seeking in compensation to punish Camping World. Admiral Polowczyk elected to exchange his opportunity to punish Camping World and to hold Camping World accountable for unethical acts and practices and to incentivize Camping World from doing the same to others. Admiral Polowczyk gave up this opportunity in exchange for the Settlement Amount to buy peace and completion of litigation so he and his wife could move on with their lives. Due to Camping World's willful refusal to adhere to the terms of the Mediation Settlement Agreement, Admiral Polowczyk did not obtain the benefit of the bargain while Camping World has retained the benefits of the agreement it breached. Admiral Polowczyk paid Camping World $167,718.23 to buy the motorhome based on the false statements made by Camping World employees. But for the Mediation Settlement Agreement, Admiral Polowczyk would be going to trial to attempt to recover three times that amount because of willful violations of the Virginia Consumer Protection Act. As a result of Camping World's refusal to comply with the terms of the Mediation Settlement Agreement, Admiral Polowczyk seeks a jury trial to determine what he would have recovered in the original Consumer Protection Act case filed in Henrico County Circuit Court. After the Jury determines that base amount, Admiral Polowczyk will ask the Jury to decide if he should recover three times that amount for the violations of the Virginia Consumer Protection Act on March 20, 2023. Only in this way can Admiral Polowczyk recover what he has lost due to Camping World's March 20, 2023 violation of the Consumer Protection Act.

18.     In addition, the Admiral has experienced insult, discomfort, outrage, mental suffering, inconvenience, emotional distress, and anxiety as a result of Camping World's unlawful conduct. Admiral Polowczyk is a graduate of the U.S. Naval Academy at Annapolis. He served a 35-year career in the Navy. His education and service were guided, characterized, and informed by a Code of Integrity, Honor, and Commitment. His last assignments in the Navy included responsibility of the entire logistics of the U.S. Navy, and serving the Joint Chiefs of Staff and Vice President Pence in organizing the logistics for all for the material distributed by the United States in response to the Covid-19 pandemic including medical supplies like respirators, masks, medicines, etc. throughout the Nation. The first significant decision the Admiral and his wife made after he retired was to purchase from Camping World the motorhome involved in this case. The motorhome broke down within 17 days of purchase. Admiral Polowczyk sought repair of the vehicle pursuant to Camping World's false representations that any Ford dealership can work on the motorhome. Admiral Polowczyk soon learned that no Ford dealership within at least 200 miles of his home in Virginia Beach was able to work on the broken-down vehicle. After buying the motorhome on September 28, 2021 in reliance on Camping World's false statement, and having the motorhome broken down, inoperable, and unfixable for 488 days, Admiral Polowczyk entered into the Settlement Agreement in good faith with Camping World on February 14, 2023. 44 days later on March 30, 2023, the Admiral finds out that not only did Camping World lie to him when he bought the motorhome, but Camping World lied to him on February 14, 2023, when it made false promises, misrepresentations, committed fraud, and used deception in entering into a written agreement to resolve the dispute that arose in connection with a

consumer transaction. Camping World refused to adhere to the terms of the February 14, 2023 Mediation Settlement Agreement, and in fact never intended to adhere to the terms. The unlawful conduct of Camping World has caused Admiral Polowczyk actual damages as described above and he seeks $100,000 in compensation thereof.

19.     Va. Code § 59.1-204(A) also provides "*If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater*." The violations of Camping World described herein are willful and outrageous, and the Plaintiff moves the trier of fact to treble the actual damages to $300,000.

20.     WHEREFORE, Plaintiff Admiral John Polowczyk, Ret. moves the Court for judgment in the amount of the Settlement Amount (to be shared with the Court at a later appropriate time,); for compensation for the loss of the opportunity to hold Camping World liable due to its original Consumer Protection Act violations, as to be determined by a Jury; and three times that amount for willful violations of § 59.1-200 (17) and (14); plus actual compensatory damages in the amount of $100,000, trebled to $300,000 because of the March 20, 2023 willful violation, for a maximum compensatory amount of $1,609,464.07, plus attorney fees as allowed by Va. Code § 59.1-204(B) in the amount of $550 per hour, or 1/3 of the amount recovered, whichever of the two is greater, plus costs, all as allowed by Va. Code § 59.1-204(B). TRIAL BY JURY IS DEMANDED.

                                        Respectfully Submitted:

                                        JOHN P. POLOWCZYK

                                        /s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@jfeinman.com

                                                /s/ James B. Feinman_____